UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY LEON LIGONS,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>Defendant. | No. 2:21-cv-00084 CKD (SS)<br><br><br><br>ORDER |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying an application for Disability Income Benefits ("DIB") under Title II of the Social Security Act ("Act"). The parties have consented to magistrate judge jurisdiction to conduct all proceedings in the case, including the entry of final judgment. For the reasons discussed below, the court will grant plaintiff's motion for summary judgment and deny the Commissioner's cross-motion for summary judgment.

BACKGROUND

Plaintiff, born in 1967, applied on October 25, 2012 for DIB, alleging disability beginning September 15, 2012. Administrative Transcript ("AT") 89, 175, 205, 1100. Plaintiff alleged he was unable to work due to nerve damage, neck injury, peripheral nervous system disorder, spinal stenosis of the lumbar region, cervical stenosis of the lumbar region, hyperlipidemia, status post

cervical fusion, and major depressive disorder, among other issues. AT 217. On September 25, 2015, after a hearing, an administrative law judge (ALJ) found that plaintiff was not disabled under the Act.[1] AT 20-37. Plaintiff appealed the decision to the district court, and on September 20, 2018, the Eastern District of California remanded the case for further consideration of the opinion evidence. AR 1166-1174. The Appeals Council remanded the decision to the ALJ for further proceedings. AR 1177. On November 10, 2020, following a second hearing, the ALJ again found that plaintiff was not disabled. AT 1091-1102.

Plaintiff challenges the 2020 decision in the instant case. In that decision, the ALJ made the following findings (citations to 20 C.F.R. omitted):

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

1. The claimant last met the insured status requirement of the Social Security Act on June 30, 2014.

2. The claimant did not engage in substantial gainful activity during the period from his alleged onset date of September 15, 2012 through his date last insured of June 30, 2014.

3. Through the date last insured, the claimant had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, diabetes mellitus with peripheral neuropathy, obesity, osteoarthritis of the bilateral hips, Dupuytren's contractures, fracture of the 4th and 5th fingers of the right hand, alcohol abuse, and major depressive disorder.

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work except he cannot climb ladders, ropes, and scaffolds. He can perform other postural maneuvers such as stooping, crouching and crawling on an occasional basis. He could frequently finger with the right upper extremity. He must avoid concentrated exposure to hazards such as unprotected heights and moving machinery. He would need a sit/stand option at will but would be able to stay in a particular position for at least 15 minutes or greater increments. He is limited to performing simple routine tasks.

6. Through the date last insured, the claimant was unable to perform any past relevant work.

7. The claimant was born on XX/XX/1967, which is defined as a younger individual age 18-49, on the date last insured. The claimant subsequently changed age category to closely approaching advanced age.

8. The claimant has at least a high-school education.

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills.

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that exist in significant numbers in the national economy that the claimant could have performed.

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from September 14, 2012, the alleged onset date, through June 30, 2014, the date last insured.

AT 1093-1102.

ISSUES PRESENTED

Plaintiff argues that the ALJ committed the following errors in finding plaintiff not disabled:  (1) the ALJ erred in rejecting the opinion of the treating physician; (2) the ALJ erred in rejecting plaintiff's subjective symptom testimony; and (3) the ALJ acted under an unconstitutional delegation of authority.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities."  Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation."  Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence.  See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

////

////

ANALYSIS

    A. Credibility

The court first considers plaintiff's argument that the ALJ improperly discounted his subjective statements about his symptoms and their limiting effects.

In a 2013 function report, plaintiff alleged that he was constantly in pain, fatigued by a combination of ailments, and depressed. AT 249. He reported that he stayed in bed all day and night, sleeping sporadically, and occasionally feeding the dog with his wife's help. AT 250. He reported that he did not do house or yard work "due to anticipation of the pain I will be in." AT 252. Plaintiff reported that he had been fired from a job because of problems getting along with other people, and that he did not do well with stress or changes in routine. AT 255. He checked the boxes for several physical and mental impairments, including completing tasks, concentration, understanding, and getting along with others. AT 254.

At the October 8, 2020 hearing, plaintiff testified that he was trained as a journeyman wireman and had worked as an inside wireman for 15 or 20 years at the time of the alleged disability onset date in 2012. AT 1115-1117. He testified that he had been in chronic pain since 2004, when he had cervical spine fusion therapy. AT 1119. Plaintiff testified that, during the relevant period for his claim, 2012 through 2014, he stayed in bed "a ridiculous amount of the time" because it was the only place he could get comfortable, and also due to depression. AT 1120. Plaintiff testified that the chronic pain was located in his lower back and extended through his right hip and, often, down to his toes. AT 1122-1123. He testified that he was on morphine and then on fentanyl for pain before being "weaned off" these medications, and that he also used alcohol to blunt the pain, though he no longer drank. AT 1123. Plaintiff testified that he attempted to go back to work in December 2012, but he "couldn't keep up" and "couldn't hold [his] own," and was fired. AT 1126-1127.

In her decision, the ALJ interspersed credibility findings on specific issues with her summary of the evidence for mental and physical impairments. As to mental impairments, the ALJ found plaintiff moderately limited in understanding, remembering or applying information; mildly limited in interacting with others; and moderately limited with regard to concentration,

persistence, and pace. AT 1094-1095.

The ALJ next summarized plaintiff's statements about his physical condition, made in hearing testimony and elsewhere in the record, as follows:

> The claimant testified that he had chronic pain that began in 2004 when he had a cervical spine fusion. He testified that he had issues with bilateral hand pain. He testified that he had depression. He testified that he used to consume alcohol to ease the pain but he does not drink anymore. . . .
>
> In a March 2013 consultative examination, . . . [he] stated that the pain is constant, ranges from 2-10/10, and primarily involves the right lower back, hip and anterior lower extremity to the toes. Claimant reported that he has difficulty standing, sitting and kneeling and the pain improves when he changes positions. He is able to dress himself and perform his own hygiene. . . .
>
> In August 2014, after the date last insured, claimant reported that his hip pain and chronic back pain were not adequately managed with Norco, Soma and Fentanyl patch[.] . . . Claimant reported that he has had regular pain in his right leg for ten years due to spinal stenosis, but now had a different sensation of pain, which originates in the right hip and radiates to his right thigh.

AT 1097-1098.

The ALJ made the following credibility-related determinations:

- "The claimant testified that he had memory loss and he complained of memory loss in visit notes. However, notes stated his recent and remote memory were intact. His thought process appeared logical and linear. Overall, he has a moderate limitation." (AT 1094)

- "He reported issues getting along with others. However, the medical evidence of record shows that the claimant generally interacted normally with all treating practitioners. The claimant was pleasant, engaging, and cooperative in examinations. His behavior was normal. Overall, he has a mild limitation." (AT 1095)

- "Although the claimant testified he was in bed all day during the relevant period, records do not document the atrophy one would expect for that level of activity. Notes stated he had normal muscle tone and no atrophy." (AT 1098)[2]

- Based on claimant's testimony about poor concentration and attention, he is limited "to simple routine tasks. However, he is not further limited due to his mostly normal examinations includ[ing] a 30/30 score on the mental status exam." (AT 1098)

---

[2] Citing AT 792 (July 2013 physical exam finding of normal muscle tone, no atrophy).

6

The ALJ concluded that "the claimant's statements concerning the intensity, persistence, and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence of record for the reasons explained in this decision." AT 1098.

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990). "Without affirmative evidence showing that the claimant is malingering, the Commissioner's reasons for rejecting the claimant's testimony must be clear and convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). Valid reasons for rejecting a claimant's testimony include inconsistencies in the claimant's testimony, or inconsistencies between her testimony and her conduct, such as "daily activities, her work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms." Thomas v. Barnhart, 278 F.3d 947, 958–59 (9th Cir. 2002). The Ninth Circuit recently clarified that, when discounting subjective testimony, an ALJ must provide "specific, clear, and convincing *reasons* for doing so." Wade v. Saul, 850 F. App'x 568, 569 (9th Cir. 2021) (emphasis in original), citing Lambert v. Saul, 980 F.3d 1266, 1277–78 (9th Cir. 2020). In Lambert, the Ninth Circuit held that an ALJ's failure to "provide enough reasoning" in the credibility assessment to "meaningfully determine whether the ALJ's conclusions were supported by substantial evidence" was harmful error. 980 F.3d at 1270, (quoting Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014)).

Here, the ALJ explained her reasons for finding some of plaintiff's alleged mental symptoms not entirely credible. However, as to plaintiff's alleged chronic pain, ALJ cited one physical exam showing normal muscle tone, with no atrophy, to conclude that plaintiff was not truthful about spending much of the day and night in bed due to his symptoms. The Ninth Circuit has held that a "lack of medical evidence cannot form the sole basis for discounting pain testimony." See Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005). Thus, a lack of evidence of muscle atrophy is not sufficient to discredit plaintiff's testimony of chronic and debilitating

7

pain. The ALJ did not cite any inconsistencies between plaintiff's alleged pain symptoms and his own testimony, daily activities, or work record, or any other inconsistencies with the medical evidence.

Nor did the ALJ explain why plaintiff's alleged depressive symptoms were not credible, even though she found major depressive disorder to be a severe impairment. See AT 1093. The evidence cited by the ALJ on this issue—including a diagnosis of depression, outpatient treatment for depression, medication for depression, and continued moderate depression and mood instability despite treatment (AT 1098)—seems to support, rather than undermine, plaintiff's claims about the severity and persistence of his depressive symptoms. Yet, a tendency to miss work and/or be off-task due to depressive symptoms is not reflected in the RFC, despite plaintiff's testimony that he spent most of his time in bed, in part due to depression.

In sum, the ALJ's explanation for discrediting plaintiff's testimony of debilitating pain and depression is not legally sufficient under the Lambert standard. The undersigned finds reversible error on this basis. Plaintiff is entitled to summary judgment.[3]

REMEDY

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014). Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d

---

[3] The court does not reach the remaining claims.

403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, the record has been fully developed, and further administrative proceedings would serve no useful purpose. In this regard, the voluminous record includes multiple medical opinions, medical evidence, plaintiff's testimony at two separate hearings, lay witness testimony, and vocational expert testimony. As discussed above, the ALJ has failed to provide legally sufficient reasons for rejecting evidence. If plaintiff's subjective statements about his physical and mental symptoms were credited as true, the ALJ would be required to find the claimant disabled on remand. See AT 1132 (vocational expert testimony that if someone with plaintiff's RFC was off-task 20 percent of the time or absent more than four days per week due to his symptoms, there would be no jobs available). Moreover, the record as a whole does not create serious doubt as to whether plaintiff is, in fact, disabled within the meaning of the Social Security Act.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 17) is granted;
2. Defendant's cross-motion for summary judgment (ECF No. 20) is denied;
3. The Commissioner's decision is reversed;
4. This matter is remanded for the immediate award of benefits; and
5. The Clerk of the Court shall enter judgment for plaintiff and close this case.

Dated: August 10, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2/ligons084.dib.ckd