1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GARY LEON LIGONS,                          No.  2:21-cv-00084 CKD

12              Plaintiff,

13        v.                                     ORDER

14   KILOLO KIJAKAZI, Acting
     Commissioner of Social Security,
15
                Defendant.
16

17

18        Based on 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an

19   award of attorney fees in the amount of $50,000.00 for 44.35 hours of professional time devoted

20   to the representation of plaintiff before this court in two federal actions.  ECF No. 25.  Counsel

21   concedes that this amount should be offset in the amount of $9,213.00 for fees previously

22   awarded under EAJA: $3,913.00 in the earlier case and $5,300.00 in the instant action.

23   Defendant has not opposed the motion or filed a response.

24        42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

25             Whenever a court renders a judgment favorable to a claimant under
               this subchapter who was represented before the court by an attorney,
26             the court may determine and allow as part of its judgment a
               reasonable fee for such representation, not in excess of 25 percent of
27             the total of the past-due benefits to which the claimant is entitled by
               reason of such judgment.
28

                                                1

1  Rather than being paid by the government, fees under the Social Security Act are awarded out of

2  the claimant's disability benefits.  Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991),

3  receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001).

4  However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also

5  must ensure that the requested fee is reasonable.  Gisbrecht v. Barnhart, 535 U.S. 789, 808-09

6  (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory

7  ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those

8  agreements.").  "Within the 25 percent boundary ... the attorney for the successful claimant must

9  show that the fee sought is reasonable for the services rendered."  Id. at 807.

10      Counsel seeks fees for 44.35 hours of representation in the instant action and plaintiff's

11  earlier action seeking Social Security benefits, which resulted in a judgment for plaintiff and a

12  remand for further proceedings.  Ligons v. Berryhill, 2:17-cv-1283 EFB (E.D. Cal.).  The Court

13  has considered the character of counsel's representation and the good results achieved by counsel,

14  which included an award of $217,857.00 in retroactive benefits.  Counsel submitted a detailed

15  billing statement that supports her request.  ECF No. 25-4.  There is no indication that a reduction

16  of the award is warranted due to any substandard performance by plaintiff's counsel, as counsel

17  secured a successful result.  There is also no evidence that plaintiff's counsel engaged in any

18  dilatory conduct resulting in delay.

19      Based on the quality of counsel's representation and the results achieved in this case, the

20  undersigned finds the number of hours expended to be reasonable.  Accordingly, the undersigned

21  will award the amount of attorney fees requested.

22  ////

23  ////

24  ////

25  ////

26  ////

27  ////

28  ////

2

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.  Plaintiff's counsel's motion for attorney fees (ECF No. 25) is granted; and

3    2.  Plaintiff's counsel is awarded $50,000.00 in attorney fees pursuant to 28 U.S.C. §

4       406(b).  Upon payment of the fees sought herein, counsel shall refund plaintiff the

5       amount of $9,213.00 previously awarded under EAJA.

6    Dated:  March 16, 2023

7

8                           CAROLYN K. DELANEY
                              UNITED STATES MAGISTRATE JUDGE

13    2/ligons0084.fee-406(a)

3